70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Danilo POLANCO-CUADRA; Rosa Melania Jimenez-Castillo,
Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70105.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Danilo Polanco-Cuadra and Rosa Melania Jimenez-Castillo, natives and citizens of Nicaragua and common-law husband and wife, petition for review of the decision of the Board of Immigration Appeals (the "BIA") affirming the Immigration Judge's (the "IJ") denial of their requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and deny the petition for review.
 
 
 3
 We review for abuse of discretion a denial of asylum, Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992), and for substantial evidence a decision to deny the withholding of deportation, Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995). We review factual findings underlying the determination for substantial evidence and will reverse only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Abedini, 971 F.2d at 191.
 
 
 4
 To qualify for asylum, petitioners must demonstrate that they have a well-founded fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1158, 1101(a)(42); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). To qualify for withholding of deportation, petitioners must meet a higher standard and present evidence of a clear probability of persecution. See 8 U.S.C. Sec. 1253(h); INS v. Stevic, 467 U.S. 407, 430 (1984); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 5
 Petitioners contend that the BIA's decision that they failed to establish past persecution or a fear of future persecution by the Sandinistas is not supported by substantial evidence. This contention lacks merit.
 
 
 6
 In support of his asylum petition, Polanco-Cuadra testified that he feared persecution from the Sandinistas because he had refused to continue serving in the military in the late 1980's. In his application for asylum, Polanco-Cuadra stated that he had deserted the military because of his disagreement with communism.
 
 
 7
 We agree with the BIA that, based on these facts, Polanco-Cuadra failed to establish past persecution or a well-founded fear of future persecution. First, Polanco-Cuadra failed to establish that the Sandinistas ever believed that his desire not to continue serving in the military was the result of any type of political belief or expression. See Abedini, 971 F.2d at 191. Second, Polanco-Cuadra failed to provide any evidence or testimony that he had ever been harmed, detained or otherwise mistreated by the Sandinistas on account of his desertion or because of his political opinion. Finally, Polanco-Cuadra failed to present any evidence that would establish a threat of future persecution in light of the current government's declaration of general amnesty for military deserters.
 
 
 8
 We also agree with the BIA that Jimenez-Castillo failed to establish eligibility for asylum. Jimenez-Castillo's sole testimony in support of her asylum application was that she feared persecution because the Sandinistas may have come to her home looking for her brothers who had deserted the army. Jimenez-Castillo presented no evidence, however, which would indicate that the Sandinistas believed that her brothers had deserted the army because of their political opinion, or that the Sandinistas imputed any such opinion to her. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991); De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990).
 
 
 9
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum and because petitioners did not meet the lower standard for a grant of asylum, we affirm the IJ's denial of petitioners' request for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3